UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

AIR CANADA, INC., DELTA AIR
LINES, INC., TRANS WORLD
AIRLINES, INC., UNITED
AIRLINES, INC., and USAIR, INC.,

    Plaintiffs,

vs.

DADE COUNTY, a political
subdivision of the State
of Florida, and AMERICAN
AIRLINES, INC.,

    Defendants.
_____/

CASE NO. 95-2037-CIV-LENARD

MAGISTRATE JUDGE GARBER

**PLAINTIFFS' MOTION TO STRIKE
DADE COUNTY'S OBJECTIONS
TO STIPANCIC AFFIDAVIT**

    Plaintiffs, Air Canada, Delta Air Lines, Inc., Trans World Air Lines, Inc., United Air Lines, Inc., and USAir, Inc. (the "Airlines), move to strike Defendant Dade County's (the "County"), Objections to the Admissibility of the Stipancic Affidavit, dated August 20, 1996. The objections are insufficient because they fail to designate with sufficient particularity which statements are objectionable. The County also fails to support the objections with any particular reasoning, analysis or argument to support its objections.

    As a result of the vagueness of the County's "deposition-style" objections, it is difficult for the Airlines to respond. More importantly, the insufficiency of the County's objections places an unjustified and unnecessary burden on this Court to ascertain which portions of the affidavit are objectionable and for what reasons.

## MEMORANDUM OF LAW

I. **The County's Objections Should be Stricken Because the Objections Fail to State Which Specific Portions of the Affidavit Are Objectionable and Fail to Specifically State the Grounds for Each Objection.**

The Airlines filed the affidavit of Charles Stipancic, Jr. in support of their motion for Summary Judgment on Count V of the Amended Complaint, as provided for by Federal Rule of Civil Procedure 56. In response, the County lodged overly broad objections that seemingly object to the affidavit in its entirety. The County's objections are inadequate because the objections fail to point out the specific objectionable portions of the affidavit or explain the reasons for the objection. "The moving party *must specify* the objectionable portions of the affidavit and the specific grounds for each objection." <u>Casas Office Machines v. Mita Copystar America</u>, 42 F.3d 669, 682 (1st Cir. 1994)(emphasis added). Specifically, each objection merely refers to a paragraph and states broad grounds such as "self-serving legal conclusions without sufficient factual basis" and "irrelevant." The objections fail to state with any degree of specificity analysis or reasoning as to why the paragraphs are objectionable. As a result, a response to the objections is exceedingly difficult. The County should at least point to the specific portions of the affidavit to which it objects. Moreover, the County should offer specific reasons why the portions of the lengthy affidavit are objectionable because the objections fail to clarify issues that need to be addressed by this court.

In Perma Research and Development Company v. Singer Company, 410 F.2d 572 (2d Cir. 1969), the court was faced with objections to an affidavit summarizing one-thousand pages of deposition testimony and document exhibits. The plaintiff objected generally to the affidavit alleging it contained misstatements, misconstructions, hearsay, and was not based on personal knowledge. Id. at 578. Ruling on the objections, the court stated:

> We also note that the motion to strike was much too general in that it *did not specify which parts* of the Chanler affidavit should be stricken and *why*. Many of the statements made in the Chanler affidavit, were amply supported by the record, and we think that the plaintiff was *required to do more than swing its bludgeon wildly*.

Id. at 579 (emphasis added). The County, like the plaintiff in Perma, has asserted the same type of general objections that the Perma court held were improper. The County has merely labeled as objectionable each paragraph. Additionally, the only reasons the County asserts are general evidentiary objections with no supporting analysis or reasons.

In Jorman v. Veteran's Administration, 579 F.Supp. 1407, 1411 (N.D. Ill. 1984), the defendant objected to the statements in an affidavit as hearsay, not based on personal knowledge, and not based on adequate factual foundation. Like the County here, the defendant in Jorman did not designate the specific statements that were objectionable. Additionally, like the County, the defendant did not explain specifically why the affidavit was objectionable. It merely articulated general grounds. In ruling on the issue, the court held

3

the "objections sweep much too broadly." Id. at 1412. The court continued:

> In suggesting its objections apply to every word plaintiffs submitted via affidavit, VA stretches beyond the point of credibility any claim it has fulfilled its obligation to "state *specifically* the portions of the affidavit to which objection is being made, *and the grounds therefor.*

Id. at 1412 (citing 6 James W. Moore et. al., Moore's Federal Practice ¶ 56-11[1], at 56-1332 (2d ed. 1982)(emphasis added)).

According to Perma and Jorman, the County also swings its bludgeon too broadly. Its objections merely assert that each paragraph of the affidavit is irrelevant, conclusory, and without sufficient factual basis.

Defendant simply cannot skirt its obligation to be specific by objecting to a lengthy affidavit on such broad grounds and neglecting to point out the specific objectionable portions. As the court noted in Jorman, the County's objections "tenders to this Court the singularly uninviting task of combing plaintiff's affidavits for insufficient showings. . . ." 579 F. Supp. at 1504. Accordingly, the County has not met its burden and the objections should be stricken.

## II.  The County's Objections Are Not Valid.

It may be possible to divine some of the County's objections through the process of elimination. Any possible basis for their objections, however, would be invalid. For example, the County objects, on the basis of hearsay, to a number of paragraphs in the Stipancic affidavit. A simple review of those paragraphs, however,

4

reveals that Mr. Stipancic only refers to the County's own admissions, which do not constitute hearsay pursuant to Fed. R. Evid. Rule 801(d)(2). The County also makes frequent "foundation" arguments. If the County means to imply that the witness failed to provide the basis for his testimony, the County is incorrect. The witness statements were all well documented, unlike the County's own witnesses who did not document any of their assertions. Perhaps the County believes its own affidavits ought not be considered by this Court, in which case the Plaintiffs agree and state that the undocumented assertions of the County's witnesses on matters beyond their personal knowledge are objectionable. For example, John van Wezel's affidavit provides detailed information on the carriers' landed weight. (Wezel Aff. at ¶¶ 12, 33-35.)

The County's objections that are based upon "relevance" and "legal conclusion" are impossible to decipher in all instances. Nevertheless, this Court is perfectly capable of determining for itself that which is relevant to this lawsuit. It is otherwise impossible to respond to the County's remaining objections, for which reason they should be stricken.

5

## Conclusion

Because the County failed to identify or explain its objections, the Airlines request that this Court strike the objections to the Stipancic Affidavit.

Respectfully submitted,

COLL DAVIDSON CARTER SMITH SALTER
  & BARKETT, P.A.
Counsel for Plaintiffs
3200 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131-2312
(305) 373-5200
(305) 374-7496 Fax

By: _____
    Christopher N. Johnson
    Florida Bar No. 069329

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was delivered by mail this 23 day of September, 1996 to the parties on the attached service list.

_____
Christopher N. Johnson

129438

COLL DAVIDSON CARTER SMITH SALTER & BARKETT • PROFESSIONAL ASSOCIATION • ATTORNEYS AT LAW • (305) 373-5200

CERTIFICATE OF SERVICE

*Air Canada, Inc., etc. v. Metropolitan Dade County, et al.*

Thomas P. Abbott, Esq.
Gail P. Fels
Assistant County Attorneys
Aviation Division
Miami International Airport
P.O. Box 592075 AMF
Miami, FL   33159

Alvin B. Davis, Esq.
Steel Hector & Davis
200 S. Biscayne Boulevard
Miami, FL   33131-2398

129438